947 F.2d 948
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Blanca KAVOURAS, Plaintiff/Appellant,
v.
John DUCOMMUN, Michael Bates, Gary Hahn, Terry Nussberger,
Allen Kenyon, and Rusk County, Defendants/Appellees.
 No. 90-2268.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 2, 1991.[1]
Decided Oct. 22, 1991.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Blanca Kavouras filed this civil rights lawsuit in federal district court pursuant to 42 U.S.C. § 1981 and § 1983, as well as the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. The district court granted summary judgment in favor of the defendants/appellees. This appeal followed. The jurisdiction of this court is properly invoked under 28 U.S.C. § 1291.
 
 I. FACTS
 
 2
 Blanca Kavouras is a former resident of Wisconsin. While she maintained a home there, Rusk County, Wisconsin Sheriff's Police executed a search warrant of the home and discovered animals that they perceived to be neglected. On October 14 and October 20, 1986, two arrest warrants were issued for Blanca Kavouras for a misdemeanor violation of animal abandonment. Ms. Kavouras last resided in Rusk County on October 5, 1986, although she has been in Wisconsin several times since the warrants were issued, apparently without the knowledge of police who knew of the outstanding arrest warrants.
 
 
 3
 Ms. Kavouras filed a prior civil rights action in federal district court against appellees Ducommon, Hahn, Bates, and Rusk County, as well as additional defendants Fetting, Lelm, and Carr.[2] In that case, Ms. Kavouras raised some of the same issues that are raised here. A jury heard the case, and on April 13, 1989 a verdict was returned in favor of the defendants. Among the decisions that the jury reached were that the two October arrest warrants had been properly issued. As Ms. Kavouras left the courtroom following the reading of the verdict, she was apprehended by Madison police officials on the outstanding October arrest warrants. Ms. Kavouras was told that one of the defendants in the trial had informed Madison police of her whereabouts and the existence of the outstanding warrants. Ms. Kavouras was released on bond for those arrests.[3] It is Ms. Kavouras' belief that the defendants in the prior action summoned police to come and arrest Ms. Kavouras. This lawsuit followed from those events.
 
 
 4
 In her complaint, Ms. Kavouras alleges five counts. First, that the October 14 arrest warrant was illegal. Second, that the October 20 arrest warrant was illegal. Third, that the defendants failed to execute the warrants in a timely fashion. Fourth, that the arrest was illegal. Last, that the defendants used legal process unlawfully. Defendants moved for summary judgment. The district court ruled in defendants' favor, holding that principles of res judicata and collateral estoppel applied to counts one, two, and five, and that no genuine issue of material fact existed as to counts three and four. She appeals that decision.
 
 II. ANALYSIS
 
 5
 This court reviews a district court's grant of summary judgment de novo. Lister v. Stark, No. 89-3563, slip op. at 7 (7th Cir. Sept. 10, 1991). The moving party will be granted summary judgment only if there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. Id.; Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S.Ct 1598, 1609 (1970); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510 (1986). All inferences must drawn in favor of the nonmoving party. Lister v. Stark, No. 89-3563, slip op. at 7. However, the nonmoving party must demonstrate through specific evidence that a genuine issue of material fact exists. Id.
 
 
 6
 A. Counts One, Two, and Five.
 
 
 7
 The doctrine of res judicata can be invoked after a final judgment on the merits of an action is rendered, precluding the parties or their privies from relitigating issues that were or could have been raised in that litigation. Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414 (1980); Gray v. Lacke, 885 F.2d 399, 404-05 (7th Cir.1989). The doctrine of collateral estoppel is invoked when a party to a current lawsuit has litigated an issue of fact or law in a prior lawsuit, and that issue has been decided. Allen v. McCurry, 449 U.S. at 94, 101 S.Ct. at 414. Collateral estoppel will apply only if the party against whom the decision is asserted had a full and fair opportunity to litigate the issue in the earlier case. Id. at 95, 415.
 
 
 8
 Ms. Kavouras had a jury trial in which she litigated the issue of whether the two arrest warrants against her were valid. The jury determined that they were valid, and this was a final decision on the merits. Ms. Kavouras is barred from relitigating the same issue in this case under the theories of res judicata as to the defendants common to both cases, and collateral estoppel as to the defendants only named in the second lawsuit.
 
 
 9
 Ms. Kavouras' fifth count alleges misuse of legal process. Although her pleadings do not specify what legal processes were misused, or how they were misused, her testimony in the lower court was that she objected to the search warrant for the September 30 search of her home (not at issue in this case), and the two October arrest warrants. On appeal, she continues to object to the grounds on which they were drawn, and the manner in which they were executed. These claims were litigated in the prior trial and decided by the jury. As we have stated, the doctrines of res judicata and collateral estoppel bar Ms. Kavouras from relitigating these issues.
 
 B. Count Three
 
 10
 In her third count, without specifying the Constitutional grounds, Ms. Kavouras challenges the delay between when the arrest warrants were issued and when they were executed. While the district court and the appellees address her claim under the Sixth Amendment, we conclude that it can be fairly read as an alleged denial of due process as afforded her under the Fourteenth Amendment.
 
 
 11
 The Sixth Amendment protection of the right to a speedy trial is not triggered upon the issuance of an arrest warrant. See United States v. Marion, 404 U.S. 307, 320, 92 S.Ct. 455. 463 (1971) ("Invocation of the speedy trial provision thus need not await indictment, information, or other formal charge. But we decline to extend the reach of the amendment to the period prior to arrest."); cf. United States v. Williams, 738 F.2d 172, 175 (7th Cir.1984) (in a case of pre-indictment delay, the Sixth Amendment right to a speedy trial is not directly applicable). The Supreme Court and this court have analyzed delay under the context of due process violations. United States v. Marion, 404 U.S. at 322, 92 S.Ct. at 464; United States v. Lovasco, 431 U.S. 783, 788-90, 97 S.Ct. 2044, 2048 (1977); United States v. Zukowski, 851 F.2d 174 (7th Cir.1988) (examining whether delay between arrest and indictment violated the Fifth Amendment); United States v. Williams, 738 F.2d at 175 (examining whether a four-year delay between occurrence of the crime and the subsequent indictment violated the Fifth Amendment).
 
 
 12
 A due process inquiry must consider the reason for the delay as well as the prejudice to the accused. United States v. Lovasco, 431 U.S. at 789, 97 S.Ct. at 2049. No requirement exists that an arrest warrant must be executed immediately after its issuance. United States v. Drake, 655 F.2d 1025, 1027 (10th Cir.1981). Instead, the general rule is that execution should not be unreasonably delayed. Id. Ms. Kavouras was outside the jurisdiction of Wisconsin authorities almost constantly between when the arrest warrants were issued and when they were executed. She has not alleged that appropriate Wisconsin law enforcement officials were aware of her presence in Wisconsin before the trial, after which she was arrested. Nor has Ms. Kavouras alleged any prejudice as a result of the delay between issuance and execution. No genuine issue as to material fact exists, and Ms. Kavouras has failed to fulfill the threshold requirements for a due process violation. For these reasons, summary judgment in favor of the appellees was appropriate for count three of the complaint.
 
 C. Count Four
 
 13
 In the fourth count of her complaint, Ms. Kavouras states that her arrest was illegal. Ms. Kavouras asserts no facts in support of her claim. If she complains that the arrest was illegal because of an illegal warrant or because of the delay between warrant and arrest, her arguments have been addressed supra. If Ms. Kavouras is complaining that the appellees reported her, informing the police that she was in the jurisdiction and outstanding warrants for her arrest existed, her argument fails. Informing police of the whereabouts of a person wanted in that jurisdiction is not illegal. In fact, this behavior is lauded by law enforcement officials. Ms. Kavouras has stated no genuine issue of material fact, and construing all facts in her favor, summary judgment in favor of the appellees was appropriate.
 
 
 14
 For the foregoing reasons, the judgment of the district court is
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34 (a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [2]
 See Kavouras v. Fetting, No. 8-C-686-S, (W.D.Wisc. April 13, 1989.)
 
 
 [3]
 Ms. Kavouras is awaiting trial for the state charges of animal abandonment. She filed a petition to remove the state criminal proceeding to federal court, asserting that she would be unable to receive a fair trial in the state tribunal. That petition was denied by the district court, and the district court's decision was affirmed by the Seventh Circuit. See Wisconsin v. Kavouras, No. 89-3129, Oct. 8, 1991. 945 F.2d 407 (1991)